UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| PRESTON PERNELL MONTOYA, <br><br> Petitioner, <br><br> vs. <br><br> J.W. COX, in his capacity as Warden of Yankton Federal Prison Camp, <br><br> Respondent. | 4:21-CV-04057-KES <br><br> ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND REJECTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Petitioner, Preston Pernell Montoya, brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Docket 1. Montoya seeks immediate application of his earned time credits under 18 U.S.C. § 3621(h)(4). *See id.* at 6, 8. The petition was assigned to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), and this court's October 16, 2014, standing order.

Respondent now moves to dismiss Montoya's petition for failure to exhaust administrative remedies, for lack of subject-matter jurisdiction, and for failure to state a claim. Docket 12. The Magistrate Judge entered a report and recommendation recommending Montoya's petition be dismissed without prejudice for lack of subject-matter jurisdiction. Docket 17 at 7. Montoya objects to the report and recommendation. Docket 18. Montoya has also filed a motion for emergency release and, in the alternative, for recusal. Docket 16. For the following reasons, this court rejects the Magistrate Judge's report and

recommendation and grants respondent's motion to dismiss on other ripeness grounds.

## MOTION FOR RECUSAL

Montoya asks this court to recuse itself and to reassign his case to a different judge. Docket 16 at 1. "A judge must recuse from 'any proceeding in which [the judge's] impartiality might reasonably be questioned.' " *United States v. Melton*, 738 F.3d 903, 905 (8th Cir. 2013) (alteration in original) (quoting 28 U.S.C. § 455(a)). This standard is objective and questions "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *Id.* (quoting *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002)). The party that introduces the motion for recusal "carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (quoting *Pope v. Fed. Express Corp*, 974 F.2d 982, 985 (8th Cir. 1992)). The party must show "that the judge had a disposition so extreme as to display clear inability to render fair judgment." *Melton*, 738 F.3d at 905 (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)).

Montoya fails to meet this burden. He has not shown that a judge has acted in such an extreme manner to "display [a] clear inability to render fair judgment" as required by *Melton*. Montoya's motion for recusal is denied.

**STANDARD OF REVIEW**

The court's review of the Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to a magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

**DISCUSSION**

Respondent states that Montoya has a projected release date of October 31, 2022, via a good conduct time release. Docket 13 at 2. In his initial petition, Montoya did not indicate how many First Step Act (the "Act") time credits he believed he had earned through participation in evidence-based recidivism reduction programming and productive activities. *See* Docket 1 at 2, 6, 8. In his response to respondent's motion to dismiss, he claimed that he had earned at least 15 months of time credits, and in his objections to the Magistrate Judge's report and recommendation, he claims that he has earned 18 months of time credits. Docket 15 at 2; Docket 18 at 1. Respondent states that Montoya has completed 500 hours, or 62.5 days, of programming and activities. Docket 13 at 21.

In her report and recommendation, the Magistrate Judge found that the court lacks subject-matter jurisdiction over Montoya's petition because the

BOP has no duty under the Act to apply Montoya's time credits until January 15, 2022. Docket 17 at 4-7. Before discussing that issue, however, the court must determine if it has jurisdiction under Article III of the United States Constitution.

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Two components of the Article III case-or-controversy requirement are the "closely related" concepts of standing and ripeness. *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009) (citation omitted). The ripeness inquiry in some cases may therefore "be characterized as standing on a timeline." *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). Whether a claim is ripe depends on "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)).

Rulemaking decisions by respondent are subject to judicial review, but adjudicative decisions in a specific case are not subject to judicial review. *See* 18 U.S.C. § 3625; *see also Martin v. Gerlinski*, 133 F.3d 1076, 1079 (8th Cir. 1998) ("[I]t is apparent that § 3625 precludes judicial review of agency adjudicative decisions but not of rulemaking decisions."). There has been no showing in this case to support a general challenge to the rulemaking of respondent on whether to allow time credits for various inmate activities, and if allowing time credits, how many time credits to allow for each day of activity.

4

Montoya is the proper party to bring this claim. But there is not at this time and might never be a time when Montoya has a valid claim that he will lose days of time credits to which he is entitled under the Act. Under respondent's calculation, Montoya would be entitled at the most to 31.25 days of time credits for evidence-based recidivism reduction programming and productive activities that he has currently completed. Docket 13 at 21. Because there is adequate time for the application of the earned time credits after the latest date for implementation of the Act on January 15, 2022, but well in advance of his projected release date of October 31, 2022, this claim is not ripe for adjudication and is dismissed without prejudice to the bringing of a claim when ripe, if that ever happens.

## CONCLUSION

Because Montoya's claim is not ripe, the court does not have jurisdiction under Article III of the United States Constitution to hear this claim. The court rejects the Magistrate Judge's report and recommendation dismissing this matter for lack of subject-matter jurisdiction on other ripeness grounds and dismisses Montoya's petition.

Thus, it is ORDERED:

1. That respondent's motion to dismiss (Docket 12) is granted. Montoya's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Docket 1) is dismissed without prejudice.

2. That the Magistrate Judge's report and recommendation (Docket 17) is rejected.

3. That Montoya's objections (Docket 18) are overruled.

4. That Montoya's motion for immediate release (Docket 16) is denied.

5. That Montoya's motion for recusal (Docket 16) is denied.

Dated January 13, 2022.

                        BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        UNITED STATES DISTRICT JUDGE